UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80250-CIV-MARRA

ALLEN FOX,

Plaintiff,

vs.

JAMES BATMASIAN, an individual

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Plaintiff's Motion for an Order to Show Cause Why Defendant Should Not Be Held in Civil Contempt and Sanctioned for Failure to Comply with the Parties' Confidential Settlement Agreement (DE 25).  Defendant filed a response (DE 26).  No reply memorandum was filed.  The Court has carefully considered the motion and is otherwise fully advised in the premises.

On March 10, 2008, Plaintiff sought, pursuant to Title III of the Americans with Disabilities Act, injunctive relief from the Court for Defendant to remove barriers of access at a shopping plaza located in Boca Raton, Florida. (DE 1.)  The parties entered into a settlement agreement on or about September of 2008 and thereafter filed a joint stipulation and motion for voluntary dismissal with prejudice. (DE 24; DE 25-1.)  The Court approved the Joint Stipulation and Plaintiff's claims were dismissed with prejudice.  The Court further ordered that each of the parties bear their respective costs and attorney's fees, except as agreed to in the settlement agreement.  (DE 24.)   The Court neither approved the Settlement Agreement nor did it retain jurisdiction to enforce its terms.

Plaintiff's instant motion seeks an order to show cause why Defendant should not be held in civil contempt and sanctioned for a failure to comply with the settlement agreement. In opposing this relief, Defendant states that this Court no longer has jurisdiction to enforce the terms of the settlement agreement. Defendant is correct.

It is axiomatic that federal courts are courts of limited jurisdiction. <u>Russell Corp. v. American Home Assur. Co.</u>, 264 F.3d 1040, 1050 (11th Cir. 2001). Jurisdiction over an underlying suit does not support ancillary jurisdiction over the enforcement of a settlement agreement. <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375, 378 (1994). "Enforcement of the settlement agreement . . . whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." <u>Id.</u> That stated, the United States Supreme Court has instructed district courts that they may enforce the terms of settlement agreements if in the final order, district courts either incorporate the terms of the settlement agreement or expressly retain jurisdiction over the settlement agreement. Otherwise, the parties are left with a suit for breach of contract, with no basis for federal court jurisdiction. <u>Id.</u> at 381-82.

Given that the Court's order did not incorporate the terms of the settlement agreement or expressly retain jurisdiction over the settlement agreement, the Court does not have jurisdiction to enforce the terms of the settlement agreement.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for an Order to Show Cause Why Defendant Should Not Be Held in Civil Contempt and Sanctioned for

Failure to Comply with the Parties' Confidential Settlement Agreement (DE 25) is **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 3rd day of March, 2010.

_____
KENNETH A. MARRA
United States District Judge